UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TMAPA DIVISION

DAVID RAMSEY, Individually
and on behalf of others similarly situated,

    Plaintiff,                                CASE NO.:

v.

AMERICAN FINANCIAL
RESOURCES, INC.,

    Defendant.
_____/

**COLLECTIVE ACTION**
**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DAVID RAMSEY, individually and on behalf of others similarly situated, (hereinafter referred to as "PLAINTIFF") pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by and through his undersigned counsel and sues the Defendant, AMERICAN FINANCIAL RESOURCES, INC., (hereinafter known as "DEFENDANT") and alleges as follows:

**JURISDICTION AND VENUE**

    1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331.

    2.    Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving

1

rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. At all times material herein, Plaintiff was and is a resident of Pasco County, Florida.

4. Defendant is a Florida corporation licensed and authorized and doing business in Hernando County, Florida. County. At all times material Defendant was an employer as defined by the FLSA.

5. At all times material herein, Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(l), Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

6. At all times material, Defendant willfully violated the Fair Labor Standards Act ("FLSA").

7. Defendant is an employer within the meaning of 29 U.S.C. s. 203(d) and subject to the Fair Labor Standards Act because is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A), because it has employees engaged in commerce or in the production of good for commerce, or has

employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and because it has an annual gross volume of sales made or business done greater than $500,000.00.

8. Alternatively, Plaintiff is covered as an individual under the FLSA because Plaintiff engaged in commerce or in the production of good for commerce as part of his job with Defendant, pursuant to 29 U.S.C. §207(a)(1).

9. Plaintiff has retained the undersigned counsel to represent his interest in this action and is obligated to pay them a reasonable fee for their services.

## FACTS

10. Plaintiff began his employment in or around December 2021 as a Principal Loan Originator.

11. Plaintiff was compensated on an hourly rate basis in addition to commissions.

12. Plaintiff regularly worked hours over forty (40) in a work week, however Plaintiff was not compensated at the rate of one and a half times his regular rate of pay for hours worked over forty (40) in the work week.

13. Defendant has a policy or pattern/practice of improperly calculating the lawful overtime rate of Plaintiff and others similarly situated.

14. All records necessary to calculate the amount of overtime monies due are in the possession of the Defendant.

## COUNT I
## FAIR LABOR STANDARDS ACT (UNPAID OVERTIME)

15. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through fourteen (14).

16. Defendant is subject to the requirements of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201, et. seq.

17. Throughout his employment with Defendant, Plaintiff worked in excess of forty (40) hours per week, for which he was not compensated at the overtime rate.

18. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees, such as Plaintiff, at a rate of not less than 1 ½ times their regular rate of pay for all work performed in excess of forty (40) hours in a work week.

19. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked for Defendant.

20. Defendant's failure to pay Plaintiff overtime at a rate not less than 1 and ½ times the regular rate of pay for work performed in excess of forty (40) hours in a work week, violates the FLSA, 29 U.S.C. §§201 et seq., including 29 U.S.C. § 207.

21. Defendant knew or had reason to know that Plaintiff performed work

in excess of forty (40) hours per work week.

22. Defendant's violations of the FLSA was intentional and willful and in reckless disregard of the rights of Plaintiff. Defendant knew that it's conduct was prohibited by the FLSA and/or showed reckless disregard about whether it was.

23. As a direct result of Defendant's violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with § 207 and § 216(b) of the FLSA and has incurred reasonable attorneys' fees and costs.

24. As a result of Defendant's willful violations of the FLSA, Plaintiff is entitled liquidated damages.

25. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant including, but not limited to:

a. Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per work week as allowable under the FLSA statute of limitations period;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding prejudgment interest;

d. Awarding reasonable attorneys' fees and costs and expenses of the

litigation pursuant to 29 U.S.C. §216(b);

e. Determining that the FLSA was violated and an adjudication on the merits of the case;

f. Ordering any other further relief the Court deems just and proper.

## COUNT II
## FAIR LABOR STANDARDS ACT - UNPAID OVERTIME
## (COLLECTIVE ACTION)

26. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs one (1) through fourteen (14).

27. At all times material, Defendant employed numerous individuals who were paid in a similar manner to Plaintiff. Such individuals were similarly situated to Plaintiff with respect to the terms and conditions of their employment.

28. Throughout their employment, individuals similarly situated to Plaintiff were required to work and did work a substantial number of hours in excess of forty (40) hours per work week.

29. At all times material, Defendant failed to comply with 29 U.S.C. § 201, et seq., in that individuals similarly situated to Plaintiff worked for Defendant in excess of the maximum hours provided by law, but no provision was made by Defendant to compensate such individuals at the rate of time and one-half for hours worked in excess of forty (40).

30. Defendant's failure to pay such similarly situated individuals the

required overtime pay was intentional and willful.

31. As a direct and legal consequence of Defendant's unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff individually and on behalf of others similarly situated, respectfully requests all legal and equitable relief allowed by law, including judgment against Defendant for overtime compensation, liquidated damages, prejudgment interest, payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim and such other relief as the Court may deem just and proper.

Dated this 24th day of January 2023.

FLORIN GRAY BOUZAS OWENS, LLC

/s/ *Miguel Bouzas*
Miguel Bouzas, Esquire
Florida Bar No.: 48943
miguel@fgbolaw.com
Gregory A. Owens, Esquire
Florida Bar No.: 51366
greg@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 220-4000
Facsimile (727) 483-7942
Attorneys for Plaintiff